# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CLIFTON SHAD JONES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:18-cv-00231 |
| SANTANDER CONSUMER USA INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes CLIFTON SHAD JONES ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SANTANDER CONSUMER USA INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a 45 year-old natural person residing at 2159 Marfa Avenue, Dallas, Texas, which is located within the Northern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39)

6. Defendant is a specialized consumer finance company providing vehicle financing and third-party servicing throughout the United States.  Defendant is registered at 1999 Bryan Street, Suite 900, Dallas, Texas and regularly conducts business with consumers in Texas, including Plaintiff.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several years ago, Plaintiff purchased an automobile and financed it through Defendant.

10. Shortly thereafter, Plaintiff experienced financial hardship and began falling behind on his monthly payments owed to Defendant, thus incurring debt ("subject consumer debt").

11. In approximately late 2014, Plaintiff began receiving calls to his cellular phone, (214) XXX-1471 from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 1471. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant has mainly used the phone number (888) 222-4227 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

14. Upon information and belief, the above-referenced phone number ending in 4227 is regularly used by Defendant to contact consumers during its collection activities.

15. When Plaintiff has answered calls from Defendant, he has experienced a noticeable pause, lasting several seconds in length, before being connected with a live representative.

16. Upon speaking with one of Defendant's representatives, Plaintiff was notified that it was seeking to collect upon the subject consumer debt.

17. Plaintiff informed Defendant of his financial situation and demanded that it stop contacting him.

18. Defendant's representative even informed Plaintiff that his phone number would be removed from its calling list.

19. Despite Plaintiff's demands and Defendant's assurances, Defendant continued to relentlessly call Plaintiff's cellular phone up through 2017.

20. Defendant has also placed several calls to Plaintiff's cellular phone during the same day, even after being told to cease its contacts.

21. Plaintiff has received not less than 64 phone calls from Defendant since asking it to stop calling.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $56.00 to purchase and maintain an application subscription on his cellular phone

in an attempt to quell Defendant's contacts, resulting in pecuniary loss.  However, Defendant's communications persisted.

23. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in fees and expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The noticeable pause, lasting several seconds in length, that Plaintiff experienced during answered calls before being connected to a representative of Defendant is instructive that an ATDS was being used.  Similarly, the frequency and nature of Defendant's calls points to the involvement of an ATDS.

29. Defendant violated the TCPA by placing at least 64 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff may have given to Defendant was explicitly revoked by his demands to cease contact.

30. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was made aware of Plaintiff's wishes and even stated that it would remove his phone number from its calling list. Yet, in defiance of Plaintiff's demands and its own promise, Defendant continued to knowingly and intentionally place mass calls to his cellular phone.

WHEREFORE, Plaintiff, CLIFTON SHAD JONES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

34. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

35. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

36. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

37. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 64 times after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

38. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign, especially considering the fact that Defendant informed Plaintiff that it would remove his phone number from its calling list. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

WHEREFORE, Plaintiff, CLIFTON SHAD JONES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

   c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

   d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

   e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 29, 2018                                                 Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                   s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                      Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                              Counsel for Plaintiff
Admitted in the Northern District of Texas           Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                    Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                  2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                        Lombard, Illinois 60148
(630) 568-3056 (phone)                                        (630) 581-5858 (phone)
(630) 575-8188 (fax)                                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                              thatz@sulaimanlaw.com